IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL DEAN SHEETS,

Petitioner,

No. CIV S-07-2214 GEB KJM P

vs.

EDMUND G. BROWN, Jr.,[1]

Respondent.

ORDER AND

FINDINGS AND RECOMMENDATIONS

_______________________________/

Petitioner is currently a federal prison inmate who is challenging a state sentence under 28 U.S.C. § 2254, on the ground that it was improperly imposed. Respondent has filed a motion to dismiss, arguing that the petition was filed outside the statute of limitations. Petitioner has filed an opposition, and respondent a reply.

I. Background

On October 29, 1992, petitioner was sentenced to a determinate term of fifty-three years and eight months and an indeterminate term of life in San Joaquin County Superior Court. Lodged Document (Lodg. Doc.) 1. He pursued a direct appeal in the state courts, which

[1] Respondent requests that the court substitute Edmund G. Brown as respondent because petitioner is currently imprisoned in the United States Penitentiary at Marion, Illinois. This request is well-taken. See Rules Governing Section 2254 Cases, Advisory Committee Notes to Rule 2(b).


culminated in the California Supreme Court's denial of review on November 1, 1995. Lodg. Docs. 2-4.

On April 22, 1996, petitioner filed a petition for a writ of habeas corpus in this court; it was dismissed on September 17, 1997, because of petitioner's failure to exhaust state remedies. Lodg. Docs. 6-8.

After a period of approximately four years, petitioner returned to state court and filed a habeas petition on June 4, 2001, in San Joaquin County Superior Court. A second petition was filed on March 15, 2007, again in San Joaquin County Superior Court. Petitioner filed a third petition on May 23, 2007, this time in San Francisco County Superior Court.[2]

The instant petition was filed on October 5, 2007.

II. <u>The Statute Of Limitations</u>

One of the changes the Antiterrorism and Effective Death Penalty Act (AEDPA) made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

/////

/////

[2] These state petitions have not been lodged. Because the dates provided by respondent are undisputed, the court finds no need to direct their lodging, as offered by respondent's counsel.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

Because petitioner's state conviction was final before the enactment of the AEDPA on April 24, 1996, he had one year, or until April 24, 1997, to file the federal petition, absent any tolling. Malcom v. Payne, 281 F.3d 951, 955 (9th Cir. 2002).

The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). However, a state petition filed after the limitations period has run will neither revive nor toll the statute of limitations. Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). Moreover, a federal habeas action does not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167 (2001).

In this case, petitioner's only timely collateral attack on his conviction was the action filed in this court, an action that ultimately was dismissed as unexhausted. Lodg. Docs. 7-8. This did not toll the statute of limitations for the instant petition. Petitioner's state petitions were filed long after the statute of limitations had run and so provide no basis for tolling the time for filing the instant action.

Petitioner argues, however, that he "was placed in one SHU after another and shuffled from one prison to another" and that he is "a lay-man, knows no law, need's [sic] to rely on other inmates." Opposition (Opp'n) at 2. He also argues this petition is based on Cunningham v. California, 549 U.S. 270 (2007), and so should be deemed timely.

/////

/////

/////

A. Equitable Tolling

The Ninth Circuit has held:

> We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.

Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations, citations omitted). It is petitioner's burden to show he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005). To meet his burden, he must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Neither an inmate's ignorance of the law nor pro se status are the sort of extraordinary events upon which a finding of equitable tolling may be based. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001) (ignorance of the law); Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002).

Petitioner does not explain how his transfer from one security housing unit to another prevented him from timely filing. To the extent he is arguing that his transfers made it difficult to gain access to the law library, the argument is unavailing. Several courts have rejected the impact of restrictions on law library access as bases for equitable tolling unless the petitioner can show actual harm. Wilson v. Bennett, 188 F. Supp. 2d 347, 353 (S.D.N.Y. 2002) (limited access to library); Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) (same).

The Ninth Circuit has recognized that equitable tolling may be justified when, through no fault of his own, a habeas petitioner was separated from his legal files and transcripts. Thus, in Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002), the court recognized that if petitioner was able to bear his burden of showing he was deprived of his legal material for a period of eighty-

two days when he was away from the prison, he might be entitled to equitable tolling for that period of time. In his response to respondent's reply,[3] petitioner suggests there was "interference" by law enforcement officials." Response (docket no. 15) at 1. However, he does not suggest, much less establish, that the many transfers separated him from the legal materials. He is not entitled to equitable tolling.

B. New Rule Of Law

Under 28 U.S.C. § 2244(d)(1)(C), the statute of limitations begins running from the date upon which the Supreme Court recognizes a new constitutional right, which has been made retroactively applicable to cases on collateral review. However, in Butler v. Curry, 528 F.3d 624, 635 (9th Cir. 2008), cert. denied, __ U.S. __, 129 S.Ct. 797 (2008), the Ninth Circuit found that Cunningham did not establish a new rule of law. Moreover, the Ninth Circuit has held those cases that preceded Cunningham – namely Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004) – do not apply retroactively to cases on collateral review. Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005). Accordingly, the current petition is untimely.

III. Other Matters

As part of his opposition to the motion to dismiss, petitioner asked for the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

/////

[3] Petitioner's surreply was not authorized, but neither has respondent objected to it.

IT IS ORDERED that petitioner's request for the appointment of counsel (docket no. 12) is denied.

IT IS RECOMMENDED that respondent's motion to dismiss (docket no. 10) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 17, 2009.

U.S. MAGISTRATE JUDGE

2
shee2214.157